IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Zinganything, LLC**, <br> 1760 Wadsworth Road <br> Akron, Ohio 44320, <br><br> Plaintiff, <br><br> v. <br><br> **Ad-N-Art, Inc d/b/a asobu®**, <br> 178 W. Service Rd. <br> Champlain, New York 12919, <br><br> Defendant. | Case No. _____ <br><br> Judge _____ <br><br> Magistrate _____ <br><br> **COMPLAINT FOR** <br> **PATENT INFRINGEMENT** <br><br> *(Jury Demand Endorsed Hereon)* |

NOW COMES the Plaintiff, *Zinganything, LLC*, and for its Complaint against the Defendant hereby alleges as follows:

## THE PARTIES

1. The Plaintiff, Zinganything, LLC, is a limited liability company organized under the laws of Ohio, and has its principal place of business in Akron, Ohio, County of Summit.

2. The Defendant, Ad-N-Art, Inc. d/b/a asobu®, upon information and belief is a Quebec corporation with offices located in New York, which makes, uses, sells, offers for sale, and/or imports infringing products into the United States in this judicial district and elsewhere.

## JURISDICTION AND VENUE

3. This is an action for patent infringement. The patent claims arise under the patent laws of the United States, specifically 35 U.S.C. § 281 *et al*.

4. This Court has federal question subject matter jurisdiction in this matter, at least, pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 *et al.* because this action arises under federal law of the United States.

5. In addition to or in the alternative to this Court's federal question jurisdiction, this Court also has subject matter jurisdiction pursuant to diversity of citizenship principles as the parties are from different states and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over the Defendant by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

7. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state." In this case, the Defendant transacts business in this state. The Defendant sells infringing product in this district and elsewhere.

8. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state." In this case, the Defendant contracts to supply goods in this state. The Defendant sells infringing product in this district and elsewhere.

9. Notably, the Defendant's website, adnart.com, with direct links to asobu.com, is an active rather than a passive website, meaning, it permits Ohio users to place orders, to store personal account information, to register a username and password, to access customer

service, and to ship products to different states, including Ohio. Websites with similar features have been found to satisfy the 'purposeful availment' requirement of the "minimum contacts" analysis satisfying due process. *See, e.g., Solar X Eyewear, LLC v. Bowyer*, 2011 WL 3418306 (N.D. Ohio Aug. 4, 2011); *Wood v. 1-800-Got-Junk?, LLC*, 2007 WL 895008 (S.D. Ohio March 22, 2007); *V Secret Catalogue v. Zdrok*, 2003 WL 22136303 (S.D. Ohio Aug. 29, 2003); *Bath and Body Works, Inc. v. Wal-Mart Stores, Inc.*, 2000 WL 1810478 (S.D. Ohio Sept. 12, 2000).

10. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) *et al.* because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this district, and infringement occurred within this judicial district. Further, the Plaintiff, and its witnesses and evidence, are located in this district. Venue is proper here.

## **FACTUAL ALLEGATIONS**

11. Since its founding, the Plaintiff has introduced a revolutionary product line and technology designed with the purpose of extracting the essence of all natural ingredients and allowing these flavors to infuse directly into a liquid of choice.

12. The Plaintiff's products include the Citrus Zinger®, Aqua Zinger®, Salad Zinger®, Vodka Zinger®, and Kid Zinger®, among others.

13. The Plaintiff's products are sold worldwide via its website, through distributors, at various retailers, and through large big box retailers.

14. The Plaintiff's products naturally infuse the flavor, aroma, hue, plus the added vitamin, minerals, and nutrients, naturally, when using fresh ingredients like fruits/vegetables.

15. The Plaintiff's Zinger® products were developed to make a positive contribution toward improving daily diets – both in the food we eat and the beverages we drink. The Plaintiff strongly believes in the infusion of farm fresh ingredients and strives to create innovative tools to harness this power. The Plaintiff hopes its products can become a driving force in helping the average consumer to divert from unhealthy beverage choices.

16. With the Zinger® bottles, users can avoid refined sugars, artificial flavorings, preservatives, and colorings while opting for nutritional hydration utilizing all-natural ingredients.

17. The Plaintiff's Zinger® products are safe, durable, and eco-friendly, made from Eastman Tritan BPA/EA-free plastics and food-grade safe materials.

18. The Plaintiff's Zinger® products have enjoyed considerable success and have been featured on television talk shows, countless industry tradeshows, and various other media outlets.

19. Mr. Joshua A. Lefkovitz is the founder and CEO of the Plaintiff corporation.

20. On June 3, 2014, United States Utility Patent No. 8,740,116, entitled "Essence Extracting Drinking Vessel" (hereinafter referred to as the '116 patent) duly and legally issued to Joshua A. Lefkovitz, as inventor, for the aforementioned invention. (A true and accurate copy of the '116 patent as issued is attached hereto and incorporated herein as "Exhibit 1.")

21. All rights to the '116 patent, including but not limited to, the right to recover for infringement thereunder, have been assigned to the Plaintiff, Zinganything, LLC.

22. The '116 patent teaches a portable liquid containing essence extractor integrating a citrus press within a drinking vessel that extracts essences from citrus to mix with fluid in the drinking vessel. The Plaintiff's Citrus Zinger® products read on the '116 patent.

23. The Defendant offers for sale and sells a product called the "The Fruit Blender 2 Go – Twisting by asobu® by ADNART." (See a copy of the offer for sale attached as "Exhibit 2," and incorporated herein, which is a screenshot from Defendant's website.)

24. The Defendant has sold their infringing product in this judicial district in Ohio and elsewhere.

25. The Defendant's product (Ex. 2) infringes the Plaintiff's '116 patent. (See a preliminary claims chart attached hereto and incorporated herein as "Exhibit 3." The attached claims chart is preliminary and Plaintiff reserves the right to modify its infringement contentions pursuant to the Local Patent Rules and as discovery progresses.)

26. The aforementioned activities of the Defendant have injured and threaten future and immediate injury to the Plaintiff. More specifically, the Defendant's activities have diminished the Plaintiff's goodwill and caused the Plaintiff to lose sales that it otherwise would have made but for the sales of the Defendant.

27. The Defendant is not authorized or licensed in any way to sell their infringing products or to use the intellectual property owned by the Plaintiff.

28. The Plaintiff is entitled to an award of damages against Defendant, and is entitled to injunctive relief.

## CLAIM NO. 1
*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

29. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

30. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '116 utility patent. (Ex 3.)

31. The Defendant's conduct is an infringement of the '402 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

32. The Defendant will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

33. Upon information and belief, the Defendant has been, and is, actively inducing infringement of the '116 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

34. The Defendant's infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiff's rights, and wanton, and as a result, the Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

35. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

### **PRAYER FOR RELIEF / REQUEST FOR REMEDIES**

WHEREFORE, the Plaintiff prays that this Court enter an Order against the Defendant as follows:

A) A preliminary injunction and permanent injunction enjoining the Defendant from making, using, offering for sale, selling, and/or importing any product that infringes upon the '116 patent;

B) An award of damages adequate to compensate for the patent infringement including lost profits but in no event less than a reasonable royalty, together with interest and costs pursuant to 35 U.S.C. § 284 *et al.*;

C) A trebling of patent infringement damages pursuant to 35 U.S.C. § 284 *et al.*;

D) Attorney's fees in a patent case pursuant to 35 U.S.C. § 285 *et al.*;

E) An accounting for damages resulting from Defendant's intellectual property infringement;

F) An assessment of interest on the damages so computed;

G) Judgment against Defendant indemnifying the Plaintiff from any claims brought against the Plaintiff for negligence, debts, product liability, or other breaches of any duty owed by the Defendant to any person who was confused as to some association between the Plaintiff and Defendant as alleged in this Complaint;

H) Requiring Defendant to account to the Plaintiff for all sales and purchases that have occurred to date, and requiring the Defendant to disgorge any and all profits derived by Defendant for selling infringing product;

I) Requiring Defendant to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

J) Requiring Defendant to provide the location of any and all manufacturing equipment, including but not limited to, molds used to manufacture infringing product;

K) Requiring Defendant to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to the Plaintiff;

L) Ordering a product recall of infringing product for destruction;

M) Requiring Defendant to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's Order a report setting forth the manner in which they complied with the Order;

N) Requiring Defendant to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

O) Damages according to each cause of action herein;

P) Prejudgment interest; and

Q) Any such other relief in law or equity that this honorable Court deems just.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable by the maximum number permitted by law.

Most Respectfully Submitted,

 /s/ David A. Welling
**DAVID A. WELLING (0075934)** (lead counsel)
**C. VINCENT CHOKEN (0070530)**
CHOKEN WELLING LLP
55 S. Miller Rd., Ste. 203
Akron, Ohio 44333
Tel.    (330) 865 – 4949
Fax    (330) 865 – 3777
davidw@choken-welling.com
vincec@choken-welling.com

**JOHN D. GUGLIOTTA (0062809)**
Patents + Copyrights + Trademarks + Licensing
3020 W. Market St., Ste. C
Fairlawn, Ohio 44333
Tel.    (216) 696 – 1422
Fax    (216) 696 – 1210
johng@inventorshelp.com

*Counsel for the Plaintiff*